UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GIL MARTINEZ, et al.,

    Plaintiffs,

v.                                                                          CASE NO. 8:14-cv-3148-T-23AEP

FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.
_____/

**ORDER**

    Alleging breach of contract, the plaintiff sued (Doc. 2) in state court. The complaint states, "The amount in controversy in this action exceeds the sum of fifteen thousand dollars ($15,000.00), exclusive of pre-judgment interest, court costs, and attorney's fees." (Doc. 2 ¶ 3) The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332.

    The removing defendant bears the burden of establishing facts that support federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 Fed. Appx. 480, 481 (11th Cir. 2005). If the complaint seeks an unidentified amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount-in-controversy" exceeds $75,000.

*Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). "The Court . . . must review the amount in controversy at the time of removal to determine whether plaintiff's claim meets this jurisdictional prerequisite." *Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (Gold, J.).

The defendant asserts in the notice of removal that the amount-in-controversy exceeds $75,000 because "the Plaintiffs have admitted that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. *See* Plaintiffs' Response to Defendant's First Request for Admissions ¶ 3 . . . ." (Doc. 1 ¶ 10) "However, a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." *Eckert v. Sears, Roebuck & Co.*, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013). The admission alone "(1) offers no factual basis to support the jurisdictional amount, (2) is a mere legal conclusion, and (3) fails to relieve the defendant of the obligation to demonstrate facts supporting the existence of federal jurisdiction." *Eckert*, 2013 WL 5673511, at *2.

In accord with *Eckert*, this case is **REMANDED** under 28 U.S.C. § 1447(c) for failure of the removing party to invoke federal jurisdiction. The clerk is directed

(1) to mail a certified copy of this order, under 28 U.S.C. § 1447(c), to the clerk of the Circuit Court for Hernando County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on May 28, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE